# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

M.A. Edwards
VS.
Commissioner Arnone
Complex Warden Lajoie
Warden Quiros
Dep Warden Powers
Counselor Sezban

CASE # ________

Date ________

FILED
2011 OCT -6 P 12: 23
U.S. DISTRICT COURT
BRIDGEPORT. CONN

Defendants Are being Sued In there Official and Individual Capacity.

## Parties

1. M.A. Edwards is A Citizen Connecticut And presently Resides At Northern C.I. P.O. Box 665 Somers CT. 06071 Inmate #163867

## Defendants

2. Commissioner Leo Arnone is A citizen of Connecticut whose Address is 24 Wolcott hill rd. Wethersfield CT. 06109. And is Employed As Commissioner of Corrections.

3. Complex Warden M. Lajoie is A Citizen of Connecticut and present Address 24 Wolcott hill Rd Wethersfield CT. 06109. And is Employed As Complex Warden.

Counselor Sezban is a citizen of Connecticut whose address is Northern C.I. P.O. Box 665 Somers, CT. 06071

Warden Quiros is a citizen of Connecticut whose address is Northern C.I. P.O. Box 665 Somers CT. 06071

Dep. Warden Powers is a citizen of Connecticut whose address is Northern C.I. P.O. Box 665 Somers CT. 06071

At the time the claims alleged in this complaint arose all the defendants were acting under the color of state law they were a person employed by the state and denied plaintiff rights privileges or immunity secured by the Constitution.

B. Jurisdiction

1. 42 USC 1983 (State prisoners)

2. Jurisdiction also is invoked pursuant to 28 USC 1343 (A)(3) and U.S.C. 1367 28 U.S.C 1391(b)(1)(2)

# C. Nature of Case

This is a 1983 Civil Rights Case being filed by M.A. Edwards who is a prisoner now being held at Northern Correctional facility. This Complaint is filed under 42 U.S.C. 1983 Alleging Violation of the 8th Eighth Amendment, (14) fourteenth Amendment and Due Process Clause of the (14) fourteenth Amendment and Violation of the taking Clause of The fifth Amendment. Denial of Access to Adequate law library. Inadequate Grievance Procedure

# Cause of Action

Claim (1) one Violation of the taking Clause Under fifth and fourteenth Amendment

Claim(1) One

1 Plaintiff contends that department of Corrections' policy of withholding from prisoners the interest that is earned on their Inmate trust fund Account contravenes the taking clause of the fifth Amendment.

2 The plaintiff contends this is a violation of the fifth and fourteenth Amendments of the Constitution.

3. The plaintiff maintain that he is a party to this controversy contending that dept. of Corrections policy of not paying interest on the Inmates Welfare fund constitutes a taking of private property for public purposes.

4 Pursuant to the taking clause of the fifth Amendment private property (shall not) be taken for public use without just compensation.

5 The plaintiff has been putting money on his Account for past (16) Sixteen years. The department of Corrections has been withholding 437.00 dollars from plaintiff for past (2) two years.

6. The plaintiff filed a Grievance on 6-22-2010 that was denied.

7. The taking clause applies to the States through the due process clause of the fourteenth Amendment

8. The plaintiff maintain the Supreme Court Reaffirmed its Commitment to Interest follows principal "Rule as a Constitutionally Relevant aspect of the taking Clause Jurisprudence.... The Relied, In the face of the Contrary state statue, upon the traditional Common law Rule that Interest follows principal" In Recognizing a protected property Interest In Earned Interest Income

9. Plaintiff Contends that Constitutionally protected property Rights can and often do exist despite statues

10. The defendants do not pay any acrued Interests to prisoners on Interest for money In legal spendable account this thus Violates plaintiffs due process Rights.

11. Plaintiff Request the Interest paid on Medical Co-payments, Monies from P.L.R.A. account and Interest from. (plaintiff does not owe any money to P.L.R.A. Plaintiffs are entitled to all the accrued Interest on there earnings from their Inmate account held by department of Corrections. Ipse Dixit (ipsa dix-it) he himself said it

12. Plaintiff Contends that Courts have said States may not transform private property into public property without compensation even for limited duration of the deposits in court.

13. The taking Clause of the fifth Amendment has prevented this practice. The Clause stands as a Shield against the Arbitrary use of Governmental power.

14 The Supreme Court Reaffirmed its Commitment to interest follows principal Rule as a Constitutionally Relevant Aspect of the taking Clause Jurisprudence.

15. The fifth Amendment to the United States Constitution states in pertinent part, "Nor shall any person be deprived of life, liberty or property without due process of law nor shall private property be taken for public use without just compensation this is coined the taking Clause

# Inmate Administrative Remedy Form

**Connecticut Department of Correction**

CN 9602
REV 1/10/08

This form replaces Inmate Grievance Form - Level 1, which is obsolete.

Facility/Unit: Garner

Date: 6-22-2010

Inmate name: M.A. Edwards

Inmate number: 163867

**SECTION 1** — **SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.**

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

A. [X] I am filing a Grievance. > Complete Section 3 >>>

B. [ ] I am requesting a Health Services Review: [ ] Diagnosis/Treatment > [ ] All Other Health Care Issues > Complete Section 2 below

C. [ ] I am filing an Appeal of a: (select one below.)

- [ ] Disciplinary Action > Complete Section 4 >>>
- [ ] Special Management Decision
- [ ] Classification Decision >
- [ ] Publication Review Committee Decision
- [ ] Furlough Decision >
- [ ] Security Risk Group Designation
- [ ] ADA Decision >
- [ ] Determination of Grievance Process Abuse >

Complete Section 2 below

**SECTION 2** — **STATE THE PROBLEM AND REQUESTED RESOLUTION**

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT.

I dont want the Interest made off my Account to Go towards any D.O.C. Laws I want the Interest off my Account Made Available to me. Money used off the Interest of inmates Accounts Go towards things like Direct tv but we only Get 8 Channels out of 150 I dont want it paying for things we dont use like ~~Grill~~ Grills for Staff Cookouts at this or Any facility. I dont want my Intrest used for Basketballs that the facility Gets paid already to provide. please make my Interest for the past 16 yrs Available to me.

Inmate signature: M.A. Edwards

Date: 6-22-2010

**For all remedies except health services, deposit this form in the Administrative Remedies box.**
**For a health services issue, deposit this form in the Health Services box.**

| **CONFIDENTIAL** (FOR OFFICIAL USE) | Inmate name: M.A. Edwards | |
|---|---|---|
| | Inmate number: 123867 | Housing: E-106 |

**For all remedies except health services, deposit this form in the Administrative Remedies box. For a health services issue, deposit this form in the Health Services box.**

**SECTION 3 GRIEVANCE SECTION - This Section Applies ONLY to a Grievance**

Read and comply with the instructions below, then go to Section 2 (State the Problem) on the front. >>>

Informal Resolution: Prior to filing a grievance, you must attempt informal resolution. Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 2 the reason why the form is not attached.

Other requirements for using the Inmate Grievance Procedure:

1. Each grievable matter shall be submitted on a separate CN 9602, Inmate Administrative Remedy Form.
2. The grievance and action requested should be stated simply and coherently.
3. The length of the grievance is restricted to this form and one additional 8 ½" x 11" page.
4. The grievance must be free of obscene or vulgar language or content.
5. Your grievance must apply to your own situation; you may not file a grievance on another inmate's behalf.
6. The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance.
7. You may not file a repetitive grievance when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial grievance is still in process.

**SECTION 4 DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY**

You may file a Disciplinary Appeal only if you have pleaded not guilty and have been found guilty at a disciplinary hearing. If so, complete this section; then complete Section 2 (State the Problem) on the front. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |
| Did you have an advocate? ☐ yes ☐ no | If yes, name of advocate: |
| Did you identify witness(es) to the investigator? ☐ yes ☐ no | Did your witness(es) testify? ☐ yes ☐ no |
| Name(s) of any witness(es): | |

**SECTION 5 DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

| Date Received: | IGP #: | T#: |
|---|---|---|
| Disposition: | Date of Disposition: | |
| Reason: | | |
| ☐ You have exhausted DOC's Administrative Remedies. | ☐ This matter may be appealed to: | |
| Signature: | Date: | |

# CAUSE Of Action

Claim (2) two, Violation of the (8th) Eighth Amendment prohibition Against Cruel And Unusual punishment

Claim (2) two

1. On 9-21-10 plaintiff was transferred from Corrigan C.I. to Northern C.I. to the Administrative Segregation Program (A.S.) and placed in Cell 110 3East.
2. While at Northern for the A.S. program inmates recieve (1) one hour Recreation (5) five days a week. (Full Restraints)
3. The plaintiff was going to Recreation Alone in phase one (1) there were no Security Concerns with other inmates. the ~~Defendant~~ Plaintiff could not defend himself against the Elements nor could he do any exercise at all.
4. The plaintiff was in full Restraints for Recreation. Handcuffed behind back legs Shackled and tethered to hand cuffs. the plaintiff couldnt defend himself against a Butterfly and was stung by a Bee.
5. The plaintiff spoke to Warden Quiros and Warden Powers about this practice and was told this is policy there will be no changes to this Policy.
6. During a Legal Visit by Attorneys Thomas Finn and Paula Cedillo. They asked why I was fully Shackled for legal visit plaintiff told these Attorneys that Warden states its Policy.

7. Attorney Paula Cedillo then Asked what About your "(1) one hour Recreation Plaintiff told her, "I am fully Shackled during my one (1) hour Recreation.

8. The Plaintiff was told by these Attorneys that being Shackled like that is A Violation of your Constitutional Rights to be free from Cruel and Unusual Punishment.

9. The Plaintiff then wrote Several Requests to Warden Quiros, Dep Warden Power and Dep Warden Faucher And Recieved No Responce.

10. On 3-3-11 the Plaintiff wrote Unit Manager Marinelli and he Responed and Stated there is no way to Release you And Maintain Staff Safety. (See Request 3-3-11)

11. On 3-5-11 I wrote Warden Quiros Again he Responded on 3-8-11 to take Issue up with Unit manager.

12. On 3-5-11 Plaintiff wrote Dep Warden Powers About this Issue And Dep Warden Never Responded.

13. On 3-5-11 Plaintiff wrote Commissioner of Corrections. I Recieved No Responce Until (5) five months later. He states Plaintiff will Get more privileges As you progress thru Program.

14. On 3-10-11 plaintiff filed a Grievance Advising Administration of an feasible Alternative Such as putting traps on the doors of the Rec. Yard. It will be the same procedure they use when staff comes to inmates cell for Recreation. Grievance was denied.

15. On 4-1-11 plaintiff Appealed the Grievance On 4-29-11 Complex Warden LaJoie Denied Appeal.

16 plaintiff has had a minor Stroke and did pass out while fully Restrained (Medical did Respond) plaintiff also has a hip Displexia, if plaintiff does Not stay Active hip will get stiff and painful.

17 The plaintiff can do Sit ups and Pushup in cell However he (plaintiff) cannot Jog in place, Squat thrusts, Jumping Jacks etc.. etc.. Because of arguments that would occur with inmates in the cell alongside and below. These arguments will cause those inmates alongside and below to Bang Continiously for 24 hours, wait till three in Morning and Bang. Northern is a whole other culture than population. plaintiff is in A.S. program and eventually will be group with these same inmates and physical Altercations are Inevitable.

**Inmate Request Form**
**Connecticut Department of Correction**

CN
REV 1/

TO

| Inmate name: M.A. Edwards | | Inmate number: 163887 |
|---|---|---|
| Facility/Unit: N.C.I. 3E | Housing unit: 3East 116 | Date: 3-5-11 |

Submitted to: WARDEN QUIROS 2nd REQUEST

Request: I am writing Requesting why I have to be Handcuffed behind my Back and ARMS Tethered to My leg Shackles, how can I possibly EXERCISE like this? I have been fully RESTRAINED like this for past 6 months (SIX) months

RECEIVED
MAR 0 8 2011
N.C.I. WARDEN'S OFFICE

continue on back if necessary

Previous action taken:

continue on back if necessary

| Acted on by (print name): Quiros | Title: Warden |
|---|---|

Action taken and/or response: Address this matter w/ your Unit Manager in order to have the policy explained to you.

continue on back if necessary

| Staff signature: Warden Quiros | Date: 3/8/11 |
|---|---|

# Inmate Request Form

**Connecticut Department of Correction**

CN 9601
REV 1/31/09

| | |
|---|---|
| Inmate name: M.A. Edwards | Inmate number: 163867 |

| | | |
|---|---|---|
| Facility/Unit: N.C.I. 3E | Housing unit: 3East 116 | Date: 3-3-2011 |

Submitted to:

Request: Captain Not tobe An A-Hole OR Anything but I Cant believe No one has Ever Complained About being In full Restraints to Go to Recreation by Law I am Suppose to Get One hour of Exercise. I Could understand being on full Restraints to the Rec yard and then being ~~handcuffed~~ Unhandcuffed and foot Shackles being taken off So We Could Exercise. Also I was Never Given And Explanation As to why I was denied A.S. phase (2) on form N.C.I. U.D. 9.4 ATT. 1

continue on back if necessary

Previous action taken:

You wer Continued for 1month Due to severity of the assault you committed to be placed in AS. We Have to Rec you in full Rest - There is No way to Release you and maintain our

continue on back if necessary

| | |
|---|---|
| Acted on by (print name): Safety [signature] | Title: Cpt |

Action taken and/or response:

continue on back if necessary

| | |
|---|---|
| Staff signature: | Date: |

| **CONFIDENTIAL** (FOR OFFICIAL USE ONLY) | Inmate name: M.A. Edwards | |
|---|---|---|
| | Inmate number: 163867 | Housing: 3 East 114 |

**SECTION 4** — **STATE THE PROBLEM AND REQUESTED RESOLUTION**

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT. I ARRIVED At Northern On 9-21-2010 I am being forced to Go to My 1-hour RECREATION fully RESTRAINED. I am handcuffed behind My BACK My Handcuffs tethered to My foot Shackles I cannot EXERCISE like this. I would like facility to put traps on outside REC Doors. So I Can be un-handcuffed when I Go to REC. Just like I am Cuffed In Cell to go to REC. I have been Going to REC like this for 6 months

| Inmate signature: M.A. Edwards | Date: 3-10-11 |
|---|---|

**For all remedies except health services, deposit this form in the Administrative Remedies box.**
**For a health services issue, deposit this form in the Health Services box.**

**SECTION 5** — **DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

| Date Received: 3/15/11 | IGP #: 141-11-555 | T#: |
|---|---|---|

| Disposition: Denied | Date of Disposition: 4/1/11 |
|---|---|

Reason:

Your grievance regarding unit policy is denied. The restraint policy that you referenced has been reviewed and approved and will remain in place.

☐ You have exhausted DOC's Administrative Remedies. ☑ This matter may be appealed to: DA Rogue

| Signature: Warden Quiros | Date: 4/1/11 |
|---|---|



Count 3

# Inmate Grievance Appeal Form - Levels 2/3

**Connecticut Department of Correction**

CN 9604
REV 1/31/09

| | | |
|---|---|---|
| Inmate name: M.A. Edwards | | Inmate number: 163867 |
| Facility/Unit: N.C.I. 3East | Housing unit: 3E 107 | Date: 4-15-11 |
| IGP number: 141-11-555 | T number: | |

**Use this form to appeal a Level 1 decision. CN 9602, Inmate Administrative Remedy Form and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the "Administrative Remedies" box.**

**Appeal of Level 1 Decision to Level 2**

I am appealing the Level 1 decision because: I am allowed 1 hour of exercise by law and I cannot exercise in full restraints.

Inmate signature: M.A. Edwards | Date: 4-15-11

**FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW**

| Date received: 4/21/11 | Disposition: *Denied* | Date of disposition: 4/29/11 |
|---|---|---|

Reasons:

*You are appealing a level one grievance concerning unit policy is denied. As Warden Quiros indicated in the level 1 response; the referenced restraint policy had been reviewed and will remain in place.*

Level 2 reviewer: [signature]

☐ This grievance may be appealed within 5 days to Level 3.

☒ You have exhausted the Department's Administrative Remedies. Appeal to Level 3 will not be answered.

**Appeal of Level 2 Decision to Level 3**

I am appealing the Level 2 decision because:

Inmate signature: | Date:

**Deposit your appeal in the "Administrative Remedies" box.**

**FOR OFFICIAL USE ONLY - LEVEL 3 REVIEW**

| Date received: | Disposition: | Date of disposition: |
|---|---|---|

Reasons:

Level 3 reviewer:

**Inmate Request Form**
**Connecticut Department of Correction**

CN
REV 1/

Inmate name: M.A. Edwards | Inmate number: 163867

Facility/Unit: N.C.I 3East 116 | Housing unit: 3East 116 | Date: 3-5-11

Submitted to: Commissioner of Dept. of Corrections

Request: I have (3) Complaints (1) your Staff at Corrigan has Stolen My Boom Box and headphones (conversion) and they Refuse to Answer Grievances and lost/Damage property form. I Just Need you to order them to Give it back. (2) Lynn Milling Keeps Sending Me to Corrigan C.I. its A County Jail With Unsentenced Inmates I am Sentenced, and that facility Keeps Harrassing Me. (3) I am At Northern and I am In full Restraints for My outside Recreation Handcuffed behind My back hands Tethered to foot Shackles Can't exercise like this! As Respondent Superior I need you to Correct these Issues please Respond

continue on back if necessary

Previous action taken: Also No Body in D.O.C. Wants to Answer Requests that are written to them please Retrain your Servants.

continue on back if necessary

Acted on by (print name): | Title:

Action taken and/or response:

continue on back if necessary

Staff signature: | Date:



*STATE OF CONNECTICUT*
*Department of Correction*
*Operations Division*
***24 Wolcott Hill Road***
***Wethersfield, CT 06109***

*James E. Dzurenda*
*Deputy Commissioner*

*August 2, 2011*

*Michael Edwards #163867*
*Northern Correctional Institution*
*287 Bilton Road, POB 665*
*Somers, Connecticut 06071*

*Dear Mr. Edwards:*

*This letter acknowledges receipt of your correspondences to Commissioner Arnone dated March 3, 5, 2011, and forwarded to my office for response concerning phone calls and facility placement.*

*Please be advised that transfers are initiated at the facility level and approved by the Unit Administrator in conjunction with Offender Classification and Population Management. Furthermore, you were transferred to Northern CI on 09/21/10 and are currently in the Administrative Segregation program. The structure of the program is such that as you advance through the Phases you receive more privileges. I encourage you to follow the rules and regulations of the Northern Correctional Institution as you will be held accountable for your actions.*

*Facility advise that you have been making "social" telephone calls including a call on 7/31/11. The appropriate avenue to pursue your property claim is with the Lost Property Board. By copy of this letter I will request that Lt. Martins address this matter with you.*

*A copy of this correspondence will be forwarded to Warden Maldonado for informational purposes. If you have any other concerns, please contact your Unit Counselor or Unit Manager. Thank you for your cooperation.*

*Sincerely,*

*James E. Dzurenda*
*Deputy Commissioner*

*JED/cgm*

*c: Michael Lajoie, District Administrator*
*Warden Maldonado, Northern CI*
*Lt. Martins, Lost Property Board*
*File*

*R-41579*

Cause of Action
Claim (3) Three Denial of Access to the Courts and Harrassment In Violation of Due Process, Cruel and Unusual punishment of (8) Eighth Amendment, to Annoy, Intimidate, Harm.

1. The plaintiff had previously Sued Warden of Northern And Deputy Warden and Several Corrections Officers In 2007 for destroying plaintiffs two Banker Boxes of legal Mail that was Sent by plaintiffs Attorney. (Case dismissed)

2. The petitioner Recently filed suit Against Complex Warden of Northern. Edwards Vs. Lajoie In ~~March~~ April 2011. on Another Issue

3. On March 15, 2011 the Court Denied plaintiffs Application to proceed Informa pauperis because Counselor Sezban of 3 East Block Sabotaged the plaintiffs paperwork by Adding plaintiffs prior P.L.R.A. for A Case from 1997 to plaintiffs Spendable Account together.

4 The plaintiff told Counselor that he did the prisoner Authorization Application Wrong plaintiff Gave Counselor Another Application and Once Again Counselor Added previous PLRA Account and and Spendable Account together Again

5. I informed Counselor he Cannot Add these Accounts together Counselor Yelled At plaintiff Stating, "This is how D.O.C. Does Informa Pauperis forms and I dont take directions from you people.

6. Plaintiff then Requested Another Application from District Court and forwarded this New Application to D.O.C. Inmates Accounts Inmates Account followed Courts Instruction and On 9-14-2011 The Court Granted the plaintiffs informa Pauperis Status.

7 Plaintiff Sent Several Requests to the Counselor Asking him to put in Writing Why he Kept doing My Paperwork wrong he Refused to Answer Requests

8. D.O.C. has No policy or procedure to help Inmates Claiming Harrassment Grievance filed and Returned Stating One Issue per Grievance

9. Plaintiff Informed Capt. Marinelli Dep Warden Faucher Warden Maldonado And Commissioner Arnone. No Responce.

10 On 5-24-11 plaintiff was Representing himself. for A Criminal Matter (Assault on D.O.C. The Superior Court Judge Ordered D.O.C. In Writing to provide plaintiff with A Connecticut Practice Book and Gen. Statue Book I informed D.O.C. and Counselor Sezban he Stated I Can't help you. Plaintiff never Recieved them

11 Plaintiff then Wrote Capt. Marinelli Dep Warden Faucher Warde Maldonado Commissioner Arnone No Responce.

12 Northern C.I. has no legal Library or Resource Center and Inmates legal Assistance Cannot help inmates with Criminal Cases Due to there Contract with D.O.C. Therefore plaintiff was denied Adequate Assistance from persons trained In law

13 On 7-12-11 plaintiff was denied legal call by Counselor Sezban I informed Capt. Marinelli and was Also Denied

14. Plaintiff Requested his two (2) legal Calls for Month of Semptember Counselor Denied them. Plaintiff informed Capt. Marinelli Dep Warden Faucher Warden Maldonado. No Responce

15. D.O.C. Does not Answer Requests to hinder the Grievance System I have Complained About this practice to Warden Maldonado and Commissioner Arnone. No Responce.

17. Counselor Does not Answer his Requests, he has Also threatened and Denied plaintiff his (3) three persmel Calls for Week

18 On 7-27-11 plaintiff sent out Appeal forms to Connecticut Supreme Court Mail never Reached its Destination Counselor has Destroyed my paperwork therefore Case was Dismissed.

19 On 9-25-11 plaintiff Requested A Legal Call Again from Counselor and Sent Copy to Warden plaintiff was denied legal call again and Maldonado Sent back my Request Attached to Another paper.

# Inmate Request Form

Connecticut Department of Correction

CN 960
REV 1/1/0

Inmate name: M.J. Edwards

Inmate number: 163867

Facility/Unit: N.C.I. 3East

Housing unit: 3E 221

Date: 9-29-11

Submitted to: Captain Hienz

Request: The Counselor did his tour around Ten and passed out mail, he then came back and was doing legal phone calls, he took cell 219 to phone for legal call when he brought cell 219 back to his cell he took my manilla envelope

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name):

Title:

Action taken and/or response:

continue on back if necessary

ff signature:

**CONFIDENTIAL**
(FOR OFFICIAL USE ONLY)

Inmate name: M.A. Edwards
Inmate number: 163867
Housing: 3 East 221

**SECTION 4** **STATE THE PROBLEM AND REQUESTED RESOLUTION**

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT. I am being HARRASSED by the 3EAST Counselor ZBAN. On 6-3-2011 I Requested practice book and General Stat. and was denied even if was Court Order. I was denied Legal phone Call on Request date (7-12-11). he has attempted to Get my Civil Suit Dismissed and was Dismissed initially on April 15 2011. because he Kept adding P.L.R.A. Account and Spendable Account together. he did this twice (8-16-11) He Refuses to Answer Requests About this Issue. On 9-14-11, Counselor Refused to Give legal Call stating I used up Call Already for month. I lap set up Call and I NEVER Set up Legal on Sept. 2, 2011 and NEVER Signed log book but he is Denying me legal call

Inmate signature: M.A. Edwards
Date: 9-26-11

**For all remedies except health services, deposit this form in the Administrative Remedies box.**
**For a health services issue, deposit this form in the Health Services box.**

**SECTION 5** **DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

Date Received:
IGP #:
T#:
Disposition:
Date of Disposition:
Reason:

☐ You have exhausted DOC's Administrative Remedies.
☐ This matter may be appealed to:

Signature:
Date:



# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 9602
REV 1/31/09

| Facility/Unit: N.C.I 3East 221 | Date: 9-26-11 |
|---|---|
| Inmate name: M.A. Edwards | Inmate number: 163867 |

**SECTION 1** **SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.**

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

**A.** ☒ **I am filing a Grievance.**
Prior to filing a grievance, you must attempt informal resolution. Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached. Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance. > Refer to Section 2 below

**B.** ☐ **I am requesting a Health Services Review:** ☐ Diagnosis/Treatment > ☐ All Other Health Care Issues > Complete Section 4 >>>>

**C.** ☐ **I am filing an Appeal of a (select one below):**
Appeals must be filed within 15 days of notification of a decision.

☐ Disciplinary Action > Complete Section 3 below

☐ Special Management Decision ☐ Classification Decision >
☐ Media Review Committee Decision ☐ Furlough Decision >
☐ Security Risk Group Designation ☐ ADA Decision > Complete Section 4 >>>>
☐ Determination of Grievance Process Abuse ☐ Rejection of Outside Tapes/CDs >

**SECTION 2** **OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE**

Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side. >>>

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

**SECTION 3** **DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY**

You may file a Disciplinary Appeal ONLY if you have pleaded not guilty and have been found guilty at a disciplinary hearing. If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |

Did you have an advocate? ☐ yes ☐ no | If yes, name of advocate:

Did you identify witness(es) to the investigator? ☐ yes ☐ no | Did your witness(es) testify? ☐ yes ☐ no

Name(s) of any witness(es):

Request 9-27-11

CONNECTICUT DEPARTMENT OF CORRECTION
INMATE TELEPHONE REQUEST FORM

FORM MUST BE FILLED OUT COMPLETELY OR IT WILL NOT BE EXCEPTED
CIRCLE THE GROUP YOU ARE IN

**SN** **CDU** **SRG** **(AS)** Group # 311

Pod: I II (III) (East) West **Cell #** 221

Inmate Name: M. Edwards No. 163867

**ALL REQUESTS MUST BE 24 HRS NOTICE**

I would like to be placed on the phone list on Wensday.
(day of the week)

9-28-11 at 7:00 pm.
(Month, Day, Year) (Time)

Response:

Your request is denied. ____________

Your phone call has been scheduled for ________ at ________
(date) (Time)

Signature of Staff Member: ____________

**SN= Special Needs CDU= Chronic Discipline**
**SRG= Security Risk Group AS= Admin Seg**

NCI 084

# Inmate Request Form

Connecticut Department of Correction

CN 9601
REV 1/1/08

Inmate name: M. A. Edwards

Inmate number: 163867

Facility/Unit: N.C.I. 3East

Housing unit: 3E 221

Date: 9-25-11

Submitted to: Warden Maldonado

Request: I need the Block Videotape of 3East Southside preserved. On Monday 09-19-11 I gave the counselor a Manilla Envelope with legal documents I sent out to get copies made. The Manilla Envelope never reached its destination. The counselor has been harrassing me

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name):

Title:

Action taken and/or response:

continue on back if necessary

Staff signature:

Date:

# Inmate Request Form

Connecticut Department of Correction

CN 9601
REV 1/1/08

Inmate name: M. J. Edwards
Inmate number: 163867

Facility/Unit: N.C.I. 3 East
Housing unit: 3E 107
Date: 7-27-11

Submitted to: Capt. Marinelli

Request: I mailed out some appeal forms to the Appellate Court on July 1, 2011. I was informed that my case was dismissed because paper work (appeal papers) never reached Appellate Court on 231 Capitol Ave Htfd Conn.
I need an explanation on what happened to paper work. And I on mail review does Inmate Account have it. ? this is third time in this Building my legal work vanished

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name):
Title:

Action taken and/or response:

continue on back if necessary

Staff signature:
Date:

M. A Edwards
163867 3E-221

Grievance

On 6-3-2011 I Requested A practice Book And General Statue Volume 13 On 5-24-11 Judge Quak ordered this facility to provide me with these legal Books for my trial I never Recieved it. On 7-28-11 I Requested to see my master file. On 8-26-11 I was able to see my file and retrieved the Evidence that Judge Quak ordered this facility to Give me A practice Book & General statue Book Volume 13. I never Recieved it.

M.A. Edwards 9-14-11

1 Mitt of 5-24-11
2 Request to Marinelli 7-28-11
3. Request Counselor 5-25-11
4. Daniels Date of Master file

# Inmate Request Form

Connecticut Department of Correction

CN 960
REV 1/1/08

Inmate name: M. J. Edwards

Inmate number: 163867

Facility/Unit: R.C.I. 3F

Housing unit: 3E 221

Date: 9-22-11

Submitted to: Captin Marinelli

Request: I am being Denied legal phone calls by the Counselor and he is taken one of my 2 legal calls. I have not made any legal phone calls this month. Attorney Cahill set up the phone and I showed him the paperwork to prove this fact. The Counselor is so intent on harrassing me that he forgot he have a white typewriter paper that states "Attorney Cahill has set 4 p 1:00 legal call." Tell your Counselor to stop harrassing me

continue on back if necessary

Previous action taken:

C.C. Maldonado
Warden Cyr
Marinelli
Faucher

continue on back if necessary

Acted on by (print name):

Title:

Action taken and/or response:

continue on back if necessary

aff signature:

Date:

# Inmate Request Form

Connecticut Department of Correction

CN 9601
REV 1/1/08

Inmate name: M. A. Edwards

Inmate number: 163867

Facility/Unit: N.C.I. 3 East

Housing unit: 3E 107

Date: 7-12-11

Submitted to: Captain Marinelli

Request: Counselor set up a legal phone call and I still got voice mail and counselor still counted this as a legal call. I had to leave a message because counselor said it counts as contact.

continue on back if necessary

Previous action taken:

I spoke to CC Seaban - This call counts toward your 2 legal calls per month

continue on back if necessary

Acted on by (print name): [signature]

Title: Cpt

Action taken and/or response:

continue on back if necessary

Date:

# Inmate Request Form

Connecticut Department of Correction

CN 9601
REV 1/1/08

Inmate name: M.A. Edwards
Inmate number: 163867

Facility/Unit: N.C.I. 3East
Housing unit: 3East 107
Date: 8-22-11

Submitted to: Counselor

Request: The District Court has sent me a second application to proceed in forma pauperis because the ~~court~~ first one ~~they sent you did wrong~~ you failed to do it correctly. You added my PLRA account and my regular jail account together. Incredibly you did the same thing again in this 2nd application. this is not rocket science. [scribbled out] OR do you need to dumb down the instructions. I need responce 3rd request

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name):
Title:

Action taken and/or response:

continue on back if necessary

Staff signature:
Date:

Connecticut Department of Correction
Northern Correctional Institution

LEGAL PHONE CALLS
Requested by Inmate

Date: 9-25-11 Unit 1 2 (3) (East) West Cell # 221

Inmate Name and Number: M. J. Edwards #163867

U.S. District Court Clerk (203) 579-5861

Cahill J.L.A.P. (860) 246-1118

(Attorney and/or Law firm Name and Number)

On or about Monday (Day) 9-26-11 (Date) 10:00 AM (Time)

☐ Call Completed ______ Date ______ Time

☐ Call not completed ______ Date ______ Time

______ Staff Signature ______ Date

GRIEVANCE APPEAL

M.A. Edwards #163867 9-30-11

M.C.I. 3 EAST 221

I am Appealing the level one Decesion because:

There was no Decesion I Recieved Grievance Back Unanswered by Grievance Coordinator Fargo She underlines in Section (2) only one Request per Ad. Remedy. I have Stated my one Claim of Harrassment and each Issue of Harrassment



January 9, 2008

Thomas J. Finn
Partner
T. 860.2756709
F. 860.560.5991
TFinn@mccarter.com

McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
T. 860.275.6700
F. 860.724.3397
www.mccarter.com

BOSTON
HARTFORD
NEW YORK
NEWARK
PHILADELPHIA
STAMFORD
WILMINGTON

**VIA HAND DELIVERY**

Mr. Michael Edwards
Inmate No. 163867
Garner Correctional Institution
50 Nunnawauk Road
Newtown, CT 06470

Re: **Edwards v. Tarascio et al.**
**Civil Action No.: 3:97 CV 2410 (TPS)**

Dear Michael:

Enclosed please find your file and pertinent documents in connection with the above matter. Also enclosed please find a copy of our letter to Warden McGill at Northern Correctional Institution.

I hope this letter finds you well. Good luck to you in the future.

Very truly yours,

Thomas J. Finn

TJF/slw
Enclosures

ME1 7037890v.1



McCARTER
ENGLISH
ATTORNEYS AT LAW

January 8, 2008

Warden Jeffrey E. McGill
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

Thomas J. Finn
Partner
T. 860.275 6709
F. 860.560.5991
TFinn@mccarter.com

McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
T. 860.275.6700
F. 860.724.3397
www.mccarter.com

BOSTON
HARTFORD
NEW YORK
NEWARK
PHILADELPHIA
STAMFORD
WILMINGTON

Re: **Michael Edwards - Inmate No. 163867**

Dear Warden McGill:

We are former legal counsel to Michael Edwards, Inmate No. 163867. On June 25, 2007, at the request of Mr. Edwards, my office had Hartford Courier hand deliver two bankers' boxes of documents belonging to him. The documents were critical legal documents related to a lawsuit brought by Mr. Edwards and were identified as legal documents. I am enclosing a copy of the courier slip that was signed for by J. Bloniasz at 5:05 p.m. on June 25th. On July 7th, I received a letter from Mr. Edwards inquiring as to the whereabouts of his file and documents. On July 23rd, I again wrote to Mr. Edwards advising him that all the documents had been hand delivered to the facility on June 25th. On August 13th, Mr. Edwards again wrote to me advising me that the facility had either lost or destroyed his file because he never received it.

My office followed up with a telephone call on October 4, 2007, to the facility wherein Lt. Rae requested that a copy of the courier slip be faxed to his attention. On October 10th, my office spoke with Property Officer David Dardanelli who also looked into the disappearance of the boxes with no success. On October 15th, another call was made with the same outcome. On November 5th, my office spoke with Property Officer Dardanelli, who advised us that J. Bloniasz had a slight recollection of signing for the boxes and thinks he put them by Property Officer Dardanelli's door. Property Officer Dardanelli does not recall seeing the boxes.

It is our understanding that Mr. Edwards was transferred from your facility in November 2007. However, the unexplained disappearance of these critical legal documents is troubling to us. I request that you provide me with a written explanation as to what efforts were taken to locate these documents, whether they were ultimately located, and an explanation as to why or why not. In the meantime,

another box of legal documents will be hand delivered to Mr. Edwards at his current location, Garner Correctional Institution.

If you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

Thomas J. Finn

TJF/slw
Enclosures

cc: Michael Edwards
c/o Garner Correctional Institution

HARTFORD COURIER SERVICE, INC.
57 PRATT ST. STE 809
HARTFORD, CT 06103
860-724-5121 FAX 860-724-0133

# facsimile transmittal

To: ROBERT WOODS  Fax: 724.6370

From: LAUREN (HCS)  Date: 04 OCTOBER 2007

Re: SLIP # 293781  Pages: 1

CC:

☐ Urgent ☑ For Review ☐ Please Comment ☐ Please Reply ☐ Please Recycle

Notes:

10/10/07 called back 10/15

Rep of Dardanelle / Warden McGee

10/7 2x fax

11/5 Rep of Dardanelle

Hartford Courier Service, Inc.
4 Cherryfield Dr.
W. Hartford, CT 561-5121

All Packages Insured Up to $100

Nº 293781  DATE 6/25/07  COURIER 614

FROM M.E.

P/UP Time

Shipper's Signature 3337. TJF

Billing Info/Ref # 91151. OCE 3

TO Michael Edward, MacDougall Corr. Inst., 267 Bilton Rd, Somers, CT  Floor #

Special Instructions: Inmate: 163767, 2East 110, Drop off

Rush  Round Trip  Add'l Floor  Wait Time

Del. Time 5:05

Received in good condition X [signature]

X Blomiasz

E. Previous Lawsuits and Administrative Relief Dismissed As frivolous

N/A

3. I have Exhausted Available Administrative Remedies.
I have wrote Request filed Grievances that were denied and Appeals of Grievances denied
See Attached

Previously Dismissed Actions or Appeals Dismissed A frivolous

N/A

I Am Not in any Imminent Danger

# First Claim for Relief

## Declatory Judgement pursuant to 28 U.S.C. 2201 against the defendants

1. There is an Actual Controversy between the plaintiffs and the defendants Concerning the existence, Nature, Scope and Severity of the Violation of the taking Clause of the fifth Amendment of the United States Constitution, perpetrated and Condoned by the defendants.
2. The plaintiffs are entitled to Declatory Judgement stating that the practice of the Department of Corrections Violated their Rights by not paying Interest to prisoners for the use of their property.
3. The Defendants Intentionally treated and has for many years treated the plaintiff differently by not paying interest to prisoners / Inmates.
4. Plaintiffs maintain that they are entiled to all accrued Interest on their moneys held by the department of Corrections.

# Second Claim For Relief

Declatory Judgement Pursuant to Eighth Amendment U.S.C. and 14 amendment

1. The Plaintiff Alleges the Department of Corrections Policy of Placing Inmates in full Restraints In Administrative Segregation Phase I Violates the Eighth Amendments Right to be free from Cruel and Unusual Punishment.
2. The Department of Corrections have Disregarded the fact that excercise is A basic human need that must be Provided for Inmates.
3. The Plaintiff are entitled to Declatory Judgement stating that the practice of Department of Corrections Violated the Plaintiffs Right to meaningful Vigorious Workouts excercise.
4. The Plaintiff was unable to have meaningful excercise he Could not engage in Vigorous Calisthenic In cell for fear of Altercations with in Cell next door and Cells below Plaintiffs Cell. Plaintiff is therefore Entitled to Relief

5 No Access to Any Legal Library or any legal Assistance Violates the Bounds Standard. I was denied any legal Assistance In Case # CR-10-113114. I was prose In this Matter and Could not defend Myself because Northern has No law library and has No legal Assistance from person trained In law.

6 The petitioner had to Get A lawyer Instead of Defending himself. The petitioner was denied the Courts order that petitioner is to be Given A Connecticut practice Book and General Statue Volume 13.

Demand for A Jury Trial

The plaintiff Request A Jury trial

# Prayer for Relief

The Plaintiffs Request An order declaring that the defendants have acted In Violation of the United States Constitution And The Bound Standard Meaningfull Access to Courts. Plaintiff Request An Injunction Against the defendants to Decease from full Shackle Policy for Inmates that Recreate Alone In Phase I A.S. Decease from Practice of taking Interest from Inmates funds. And Harrassment, Denial of Access to Courts Plaintiff Requests Compensatory damages of (50,000) fifty thousand Jointly Severally

Plaintiff Requests punitive damages of (50,000) fifty thousand Jointly Severally, and Costs and fees
And Such other Relief as the Court deem Just and proper

M.A. Edwards

I Declare under penalty of perjury that the foregoing is true and Correct

M.A. Edwards

Date: