*11 CV 1537 Edwards*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT FILED

2012 MAR 13  P 12: 55

US DISTRICT COURT
PRISONER

| | |
|---|---|
| M.A. EDWARDS, | : |
|   plaintiff, | : |
| | : |
| v. | :   CASE NO. 3:11-cv-1537(AVC) |
| | : |
| COMMISSIONER ARNONE, et al., | : |
|   defendants. | : |

### RULING AND ORDER

On December 14, 2011, the court dismissed the plaintiff's claims for denial of interest on his inmate trust account and denial of access to the courts/harassment. See Doc. #6. The plaintiff now has filed a motion for reconsideration of the order, a motion to correct the order and a motion for reimbursement of filing fees assessed in another case.

I.   Motion for Reconsideration [Doc. #10]

The plaintiff seeks reconsideration of the dismissal of his claim regarding interest on his inmate trust account. A motion for reconsideration must be filed within fourteen days from the date of the order for which reconsideration is sought. D. Conn. L. Civ. R. 7(c)1. The court filed the initial review order on December 14, 2011. Thus, the plaintiff should have filed his motion for reconsideration on or before December 28, 2011.

Prisoners are considered to have filed their documents on the day they give them to prison officials for mailing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (prisoner petitions are

considered filed as of the date the prisoner gives the petition to correctional staff for mailing).  The motion for reconsideration is dated January 9, 2012.  This is the earliest date on which the plaintiff could have given the motion to prison officials to be mailed.  Thus, the motion was filed twelve days too late.  The motion is denied as untimely filed.

Further, even if the motion had been timely filed, it should be denied.  Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In his complaint, the plaintiff argues that the failure to pay interest on deposits to his inmate trust account violates the Fifth Amendment Takings Clause and the Due Process Clause.  The plaintiff argues that the court focused its analysis on prison wages and not deposits from third parties or the prisoner's own monies.

The ninth circuit considered such a claim under both the Takings and Due Process Clauses.  See Tellis v. Godinez, 5 F.3d 1314 (9th Cir. 1993), cert. denied, 513 U.S. 945 (1994) and Schneider v. California Dep't of Corrections, 345 F.3d 716 (9th Cir. 2003).  In both cases, when determining whether there had been a taking within the meaning of the Fifth Amendment, the

2

court analyzed whether the inmate had a constitutionally
protected property interest in receiving interest on the monies
in his personal property fund.  In Tellis, the court concluded
that the Nevada statute mandating that prison officials credit
interest on monies in the prisoners' personal property account to
that fund created a protected property interest in the interest
on prisoner monies in the fund such that the failure to credit
such interest violated the prisoner's due process rights.  5 F.3d
at 1316-17.  In Schneider, the state statute required that
interest generated by inmate trust accounts be credited to an
inmate welfare fund rather than to the individual inmates.  345
F.3d at 719.  The court noted that the Takings Clause does not
prohibit all takings, only takings without just compensation.
Thus, even though the appropriation of interest on inmate trust
accounts was a taking, where the inmate's share of the expenses
of operating the trust account system exceeded any interest he
would have received, there would be no taking without just
compensation.  Id. at 720-21.

No federal or Connecticut cases have considered this claim.
In addition, no state statutes direct that non-wage deposits to
an inmate's trust account be deposited in interest bearing
accounts.  The plaintiff has alleged no facts showing that the
Department of Correction received interest on these deposits or,
even if it did receive any interest, any evidence that the

3

interest the plaintiff would have received on his non-wage
deposits only would have exceeded the per inmate cost of
administering the program.

The facts alleged do not state a cognizable claim for a
taking with out just compensation.  In addition, even if the
court had allowed the claim to proceed, the lack of applicable
cases within this state and circuit would entitle the defendants
to qualified immunity on the claim.  Accordingly, the motion
would have been denied.

II.  <u>Motion to Correct [Doc. #11]</u>

The plaintiff's second claim in this action is an Eighth
Amendment challenge to the correctional policy requiring inmates
in Phase I to attend recreation in full restraints.  The court
noted, in the initial review order, that the plaintiff suffered
from medical conditions that prevented him from exercising
vigorously in his cell.

The plaintiff asks the court to correct the initial review
order to reflect the fact that he also cannot exercise vigorously
in his cell in fear of antagonizing other inmates with resulting
altercations.  The court acknowledges that the plaintiff included
these statements in his complaint.  However, amendment of the
court's order is not required.

The defendants were ordered to address the claim in the
complaint, not the court's summary of the claim in initial review

4

order.  Thus, the defendants will address all of the plaintiff's
concerns regarding the denial of opportunity to exercise.  The
plaintiff's motion is denied.

III. <u>Motion for Reimbursement [Doc. #12]</u>

     The plaintiff asks the court to order correctional officials
to release to his spendable monies in the amount of $437.00,
sequestered to pay filing fees in another case, <u>Edwards v.</u>
<u>Tarascio</u>, 3:97cv2410 (TPS).  This motion is denied.

     First, the plaintiff seeks injunctive relief.  Interim
injunctive relief "is an extraordinary and drastic remedy, one
that should not be granted unless the movant, by a clear showing,
carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520
U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation
marks and citation omitted).  Preliminary injunctive relief is
designed "to preserve the status quo and prevent irreparable harm
until the court has an opportunity to rule on the lawsuit's
merits." <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994)
(per curiam).  To prevail on a motion for preliminary injunctive
relief, the moving party must establish a relationship between
the injury claimed in the motion and the conduct giving rise to
the complaint. <u>Id.</u>; <u>see also</u> <u>Omega World Travel, Inc. v. Trans</u>
<u>World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997) (reversing
district court's granting of motion for preliminary injunctive
relief because injury sought to be prevented through preliminary

injunction was unrelated and contrary to injury which gave rise
to complaint).

This action concerns only the claim in the complaint that
has survived the court's initial review, that is, the denial of
the opportunity to exercise.  The plaintiff's request does not
relate to this claim.  Thus, his request for injunctive relief
must be denied.

Second, an examination of the docket in the other case
reveals that the court received the $150.00 initial filing fee on
February 17, 1999 and the $105.00 appeal fee for the first appeal
on January 10, 2001.  The fee for the second appeal, $455.00, has
not been submitted to this court, to be forwarded to the court of
appeals.  The amount the plaintiff references is less than the
appeal fee.  Thus, it appears that the Department of Correction
is continuing to sequester funds until the full fee is collected.
As the fee continues to be owed, the plaintiff is not entitled to
a release of funds.  The plaintiff's motion is denied.

## CONCLUSION

The plaintiff's motion for reconsideration **[Doc. #10]** is **DENIED** as untimely filed.  The plaintiff's motions to correct **[Doc. #11]** and for reimbursement **[Doc. #12]** are **DENIED**.

**SO ORDERED** this _____ day of March 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

                                    Alfred V. Covello
                                    United States District Judge

7