# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| M. A. EDWARDS,<br>        Plaintiff, | No. 3:11-cv-01537 (SRU) |
| v. | |
| LEO ARNONE, et al.,<br>        Defendants. | |

## <u>ORDER ON MOTION TO RETURN COURT FEES</u>

In October 2011, M.A. Edwards ("Edwards"), a sentenced state prisoner, commenced this civil rights action against several state correctional officials. *See* Compl., Doc. No. 1. Along with the complaint, Mr. Edwards filed an application requesting permission to proceed *in forma pauperis*. *See* Mot. for Leave, Doc. No. 2. That motion was granted. *See* Order, Doc. No. 5. After years of litigation, a jury trial, and an appeal, the case ultimately settled. *See* Stipulation of Dismissal, Doc. No. 236. Mr. Edwards now moves the Court to return his court fees. *See* Mot. to Return Court Fees, Doc. No. 237. For the reasons that follow, the motion, doc. no. 237, is **denied without prejudice.**

To proceed with a civil action in this court, the statutory filing fee, which is currently set at $350.00, must ordinarily be paid. 28 U.S.C. § 1914(a).[1] Under the Prison Litigation Reform Act ("PLRA"), if a prisoner commences a civil action *in forma pauperis*, the prisoner "shall be required to pay the full amount of the filing fee," 28 U.S.C. § 1915(b)(1), regardless of whether the case is dismissed or denied after filing. *See Kaminski v. Connecticut*, 2022 WL 3368576, at

---

[1]    The total cost for filing a civil action in this court is $402.00, consisting of the civil filing fee of $350.00, and an administrative fee of $52.00. But a party, including an inmate-plaintiff, that has been granted *in forma pauperis* status is not required to pay the $52.00 administrative fee. *See Lewis v. Miller*, 2019 WL 1557267, at *1 n.2 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 2210800 (N.D.N.Y. May 22, 2019).

*3 (D. Conn. Aug. 16, 2022). *In forma pauperis* status only relieves the inmate of prepayment of the fee; it does not eliminate it. *See* 28 U.S.C. § 1915(b)(2) (requiring prisoner to make monthly payments of 20 percent of the preceding month's income toward the filing fee).

Thus, Mr. Edwards was required to pay the $350 filing fee.[2] Indeed, Mr. Edwards acknowledged that he was required to pay the full filing fee. *See* Mot. for Leave, Doc. No. 2. The application to proceed *in forma pauperis* required applicants to acknowledge the following:

> I realize that even if the Court allows me to proceed *in forma pauperis*[,] I will have to pay the full filing fee of $350 through installments deducted from my inmate trust fund. I also understand that the Department of Correction Inmate Trust Fund will continue to deduct money from my inmate trust fund to pay the filing free to the Court even if my lawsuit is dismissed.

*Id.* at 4. Mr. Edwards was therefore at least on constructive notice that being granted *in forma pauperis* status would not eliminate his obligation to pay the filing fee. Moreover, Mr. Edwards filed a notice of appeal in October 2019, meaning that he was also required to pay an appellate filing fee of $505. *See* 28 U.S.C. § 1915(b)(1); *see also Goins v. Decaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmates proceeding *in forma pauperis* on appeal are not entitled to either return of partial filing fee deducted from their accounts or removal of encumbrance from their accounts after they withdrew their appeals). A review of the docket fails to show receipt of payments in excess of those financial obligations. As such, Mr. Edwards is not entitled to the relief he seeks. For Mr. Edwards's review, the Clerk is directed to mail Mr. Edwards a copy of the docket sheet in this case along with a record of all payments received in this case.

Before concluding, I would be remiss if I did not point out the problem Mr. Edward's motion illuminates. Individuals, prisoners and non-prisoners alike, rely on courts as a forum to vindicate their constitutional rights. But only incarcerated individuals are required to pay

---

[2] In 2011, when this action was commenced, the filing fee was still $350.

hundreds of dollars in filing fees despite being granted *in forma pauperis* status. In Mr. Edward's case, he is statutorily required to pay the court's filings fees despite a prior determination that he was unable to pay *and* a jury concluding that his constitutional rights had been violated; an obligation that he would not have if he were not a prisoner. Given the inequity, I am sympathetic to Mr. Edward's request. Nevertheless, the statute mandates that outcome. *See, e.g., Akassy v. New York Daily News*, 2014 WL 12909142, at *1 (S.D.N.Y. May 28, 2014) (denying an inmate's request for reimbursement of court fees because "once a matter has been adjudicated, the Court cannot return a filing fee."); *Huffman v. Benson*, 2006 WL 625844, at *2 (W.D.N.Y. March 9, 2006) (denying inmate's request for a refund of the filing fee because he is statutorily required to pay it). Therefore, Mr. Edward's motion is **denied without prejudice**. To the extent that Mr. Edwards is claiming that his payments are not reflected on the docket sheet, or that he is being overcharged, he may renew his motion.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of June 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge